Case 3:11-cv-30126-MAP   Document 79   Filed 03/12/12   Page 1 of 4

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
MASSACHUSETTS MUTUAL LIFE
INSURANCE COMPANY

                Plaintiff,          No: 3:11-CV-30126-MAP

      v.

GOLDMAN SACHS MORTGAGE
COMPANY, GOLDMAN SACHS & Co.,
INC., AMERICAN HOME MORTGAGE
ASSETS LLC, BEAR STEARNS ASSET
BACKED SECURITIES I LLC, J.P.
MORGAN SECURITIES LLC, BARCLAYS
CAPITAL INC., UBS SECURITIES LLC,
MICHAEL STRAUSS, STEPHEN A. HOZIE,
THOMAS M. MCDONAGH, ALAN B.
HORN, JOSEPH T. JURKOWSKI, JR.,
MATTHEW E. PERKINS, SAMUEL
MOLINARO, JR. and THOMAS MARANO,

                Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**MATTHEW PERKINS' RESPONSE TO MASSMUTUAL'S OBJECTION
TO THE DEFENDANTS' FEBRUARY 28, 2012 STATUS REPORT**

Defendant Matthew E. Perkins ("Perkins") hereby submits this brief response to the Objection to the Defendants' status report filed by Massachusetts Mutual Life Insurance Company ("MassMutual") on March 1, 2012. As set forth more fully below, because Perkins is an individual "whose control person liability stems from primary violations by the non-underwriter Defendants," and the Complaint does not (and cannot) include any facts or allegations supporting the notion that Perkins was a "control-person" of Bear Stearns & Co., Inc. ("Bear Stearns"), one of the underwriters in this case, MassMutual's objection should be overruled and the Court should confirm Perkins' dismissal from this case.

With its February 14, 2012 Order, the Court dismissed MassMutual's complaint against the non-underwriter defendants, and against those individuals "whose control person liability stems from primary violations by the non-underwriter Defendants." Order at 53. The Order also requested that Defendants file a status report with the Court listing, among other things, those individual defendants against whom the Complaint has been dismissed because their alleged control person liability stems from primary violations by a non-underwriter defendant. When Defendants filed their status report in this case, Perkins was included as one of those individual defendants against whom the Complaint had been dismissed.

The Complaint's allegations against Perkins are summarized in paragraph 209. That paragraph reads, in its entirety, as follows:

> 209. As co-head of the Asset-Backed Securities Group at Bear Stearns during the relevant period, Perkins was intimately involved in and controlled Bear Stearns' securitizations. As President and a Director of BSABS, Perkins was involved in the day-to-day business affairs of this primary violator. Perkins also had control over the securitizations at issue, as evidence by his signature on the registration statements for the following securitization:
>
> AHMIT 2005-4.

Thus, the allegation against Perkins relates only to his purported control of depositor BSABS. Contrary to MassMutual's assertions in its objection, Perkins has not in any way ignored the allegations made against him in the Complaint -- instead those allegations are each repeated and summarized in paragraph 209, and MassMutual's reference to paragraphs 19, 27, 194 and 240 are redundant and duplicative and contain no facts supporting the notion that Perkins controlled Bear Stearns & Co. (defined in the Complaint as "Bear Stearns").

The Complaint instead alleged only Perkins controlled "Bear Stearns' securitizations." (Compl. ¶ 209). But alleged control of a single aspect of a company's operations is not equivalent to alleged control of the company as a whole. Indeed, the Complaint demonstrates

that Plaintiff itself recognizes this distinction.  For example, with respect to Thomas Marano -- who remains a Defendant -- Plaintiff alleged that he had "control over Bear Stearns' securitizations, <u>and exercised control over this primary violator</u>; i.e., the underwriter Bear Stearns & Co.  (Compl. ¶ 211, emphasis added).  If, as Plaintiff now claims, control over the securitizations is enough, then the last half of the Marano allegations is meaningless verbiage.  But that is not so.  The fact that Plaintiff deliberately appended an additional allegation against Mr. Marano -- which did not assert against Mr. Perkins -- demonstrates that it knew Mr. Perkins was situated differently that other Defendants.

Perkins was properly dismissed because the control-person allegation made against him relates to his role as President and a Director of non-underwriter BSABS, the capacity in which he became a signatory to the referenced registration statement at issue in the case.  Because the Complaint fails to allege that Perkins controlled Bear Stearns, and does not include a single fact supporting this new legal theory, the Complaint was properly dismissed as against him.

Dated:  March 12, 2012                                  SNR DENTON US LLP

/s/ Philip A. O'Connell, Jr.
Philip A. O'Connell, Jr. (BBO# 649343)
SNR DENTON US LLP
101 Federal Street, Suite 2750
Boston, MA 02110
Tel:  (617) 235-6802
Fax:  (617) 235-6899
philip.oconnelljr@snrdenton.com

Sandra D. Hauser (admitted *pro hac vice*)
Patrick E. Fitzmaurice (admitted *pro hac vice*)
SNR DENTON US LLP
1221 Avenue of the Americas
New York, NY 10020
Tel:  (212) 768-6700
Fax:  (212) 768-6800
sandra.hauser@snrdenton.com
patrick.fitzmaurice@snrdenton.com

*Counsel for Defendant Matthew E. Perkins*

-4-

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through ECF system will be sent electronically to the registered participants as identified in the Notice of Electronic Filing and paper or electronic copies will be delivered to those indicated as non-registered participants on March 12, 2012.

/s/Philip A. O'Connell, Jr.<br>
Phillip S. O'Connell, Jr.