**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

|   |   |
|---|---|
| MASSACHUSETTS MUTUAL LIFE INSURANCE COMPANY, <br><br> Plaintiff, <br><br> v. <br><br> GOLDMAN SACHS MORTGAGE COMPANY; GOLDMAN, SACHS & CO., INC.; AMERICAN HOME MORTGAGE SECURITIES LLC; AMERICAN HOME MORTGAGE ASSETS LLC; BEAR STEARNS ASSET BACKED SECURITIES I LLC; J.P. MORGAN SECURITIES LLC; BARCLAYS CAPITAL INC.; UBS SECURITIES LLC; MICHAEL STRAUSS; STEPHEN A. HOZIE; THOMAS M. MCDONAGH; ALAN B. HORN; JOSEPH T. JURKOWSKI, JR.; MATTHEW E. PERKINS; SAMUEL L. MOLINARO, JR.; and THOMAS F. MARANO, <br><br> Defendants. | Civil Action No. 3:11-30126-MAP |

**MASSMUTUAL'S MOTION TO STRIKE**
**CERTAIN PURPORTED DEFENSES**

Plaintiff Massachusetts Mutual Life Insurance Company ("MassMutual") hereby moves, pursuant to Federal Rule of Civil Procedure 12(f), for an order striking the following affirmative defenses asserted in the Amended Answers of Defendants Goldman, Sachs & Co. ("Goldman"); J.P. Morgan Securities LLC ("J.P. Morgan"); Barclays Capital Inc. ("Barclays"); UBS Securities LLC ("UBS"); Joseph T. Jurkowski; Samuel L. Molinaro, Jr.; and Thomas F. Marano (collectively, the "Officer Defendants," and together with Goldman, J.P. Morgan, Barclays, and UBS, "Defendants"):

1

- Sixth Defense (J.P. Morgan and the Officer Defendants);

- Sixth Defense (Barclays, to the extent it asserts MassMutual "assumed the risks" or had "constructive knowledge");

- Eighth Defense (J.P. Morgan and the Officer Defendants, to the extent it asserts MassMutual "should have known" of the misstatements or omissions);

- Tenth Defense (Goldman and Barclays);

- Eleventh Defense (Barclays and UBS);

- Eleventh Defense (Goldman, to the extent it purports to assert a loss causation defense);

- Twelfth Defense (Goldman and Marano);

- Twelfth Defense (J.P. Morgan and the Officer Defendants other than Marano, to the extent it asserts MassMutual did not "reasonably or justifiably rely" on the misrepresentations);

- Twelfth Defense (UBS, to the extent it asserts MassMutual "should have known" of the misrepresentations);

- Fourteenth Defense (J.P. Morgan and the Officer Defendants, to the extent it asserts MassMutual "assumed the risks" or had "constructive knowledge");

- Fourteenth Defense (Goldman, to the extent it purports to assert a loss causation defense);

- Fifteenth Defense (Goldman and UBS);

- Sixteenth Defense (Goldman, to the extent it purports to assert a loss causation defense);

- Seventeenth Defense (Barclays, Goldman, J.P. Morgan, and the Officer Defendants);

- Seventeenth Defense (UBS, to the extent it purports to assert a loss causation defense);

- Eighteenth Defense (Barclays);

- Eighteenth Defense (Goldman, to the extent it asserts MassMutual did not "reasonably or justifiably rely" on the misstatements or omissions);

- Nineteenth Defense (J.P. Morgan and the Officer Defendants);

- Nineteenth Defense (UBS, to the it asserts MassMutual "assumed the risks" or had "constructive knowledge");

- Nineteenth Defense (Barclays, to the extent it asserts MassMutual did not "reasonably or justifiably rely" on the misrepresentations);

- Twentieth Defense (J.P. Morgan, Barclays, and the Officer Defendants);

- Twentieth Defense (Goldman, to the extent it asserts MassMutual "assumed the risks" or had "constructive knowledge");

- Twentieth Defense (UBS, to the extent it asserts MassMutual did not "reasonably or justifiably rely" on the misrepresentations);

- Twenty-First Defense (Goldman);

- Twenty-Third Defense (J.P. Morgan and the Officer Defendants other than Marano);

- Twenty-Third Defense (Barclays, to the extent it asserts MassMutual "should have known" of the misrepresentations);

- Twenty-Fourth Defense (Marano); and

- Twenty-Sixth Defense (UBS).

This Motion should be granted because, as more fully explained in MassMutual's accompanying Memorandum of Law, each of the above defenses is a legally invalid defense to the two straightforward claims at issue under the Massachusetts Uniform Securities Act.  Each purported defense presents no question of law or fact that might allow Defendants to prevail, and threatens to burden MassMutual and the Court by unnecessarily broadening the scope of discovery and even trial.

This Motion is based on this Notice of Motion, the accompanying Memorandum of Law in support thereof, the pleadings and records on file in this action, any matters of which the Court may take judicial notice, and any further argument as may be present on this motion.

This Motion is made following the conference of counsel pursuant to Local Rule 7(a)(2), which took place on April 12, 2012.

DATED: May 9, 2012

EGAN, FLANAGAN AND COHEN, P.C.
By:    /s/ Edward J. McDonough Jr.
Edward J. McDonough Jr. (BBO 331590)
Stephen E. Spelman (BBO 632089)
Egan, Flanagan and Cohen, P.C.
67 Market Street, P.O. Box 9035
Springfield, Massachusetts  01102
Telephone:  (413) 737-0260
Fax:  (413) 737-0121
ejm@efclaw.com;
ses@efclaw.com

MASSACHUSETTS MUTUAL LIFE
INSURANCE COMPANY

Mark Roellig (BBO 669117)
Executive Vice President and General Counsel
Bernadette Harrigan (BBO 635103)
Assistant Vice President & Counsel
Eleanor P. Williams (BBO 667201)
Assistant Vice President & Counsel
Massachusetts Mutual Life Insurance Company
1295 State Street
Springfield, Massachusetts  01111
Telephone:  (413) 788-8411
Fax:  (413) 226-4268
bharrigan@massmutual.com;
ewilliams@massmutual.com

Of counsel:

QUINN EMANUEL URQUHART & SULLIVAN, LLP

Philippe Z. Selendy (admitted *pro hac*)
Jennifer J. Barrett (admitted *pro hac*)
51 Madison Avenue, 22nd Floor
New York, NY 10010
(212) 849-7000
Fax (212) 849-7100

A. William Urquhart (admitted *pro hac*)
Harry A. Olivar, Jr. (admitted *pro hac*)
Molly Stephens (admitted *pro hac*)
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017
(213) 443-3000
Fax (213) 443-3100

## CERTIFICATE OF SERVICE

      I hereby certify that this document, filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on this 9th day of May, 2012.

                                              /s/ *Edward J. McDonough Jr.*
                                              _____
                                              Edward J. McDonough Jr.