**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS**

|  |  |
|---|---|
| MASSACHUSETTS MUTUAL LIFE INSURANCE COMPANY,<br><br>　　　　　Plaintiff,<br><br>　　　v.<br><br>GOLDMAN SACHS MORTGAGE COMPANY; GOLDMAN, SACHS & CO., INC.; AMERICAN HOME MORTGAGE SECURITIES LLC; AMERICAN HOME MORTGAGE ASSETS LLC; BEAR STEARNS ASSET BACKED SECURITIES I LLC; J.P. MORGAN SECURITIES LLC; BARCLAYS CAPITAL INC.; UBS SECURITIES LLC; MICHAEL STRAUSS; STEPHEN A. HOZIE; THOMAS M. MCDONAGH; ALAN B. HORN; JOSEPH T. JURKOWSKI, JR.; MATTHEW E. PERKINS; SAMUEL L. MOLINARO, JR.; and THOMAS F. MARANO,<br><br>　　　　　Defendants. | Civil Action No. 3:11-30126-MAP |

**MASSMUTUAL'S MEMORANDUM OF LAW IN SUPPORT OF
<u>ITS MOTION TO STRIKE CERTAIN PURPORTED DEFENSES</u>**

## **TABLE OF CONTENTS**

**Page**

PRELIMINARY STATEMENT ..................................................................................................1

LEGAL STANDARD.....................................................................................................................3

ARGUMENT...................................................................................................................................4

    A.    The Purported Defenses That Defendants Neither Owed Nor Breached a Duty Are Inapplicable and Contrary to Section 410................................................6

    B.    The Purported Defenses That Seek To Reduce MassMutual's Recovery Based on Fault Allegedly Attributable to Others Are Contrary to Section 410...........................................................................................................................7

    C.    The Purported Defenses That MassMutual Failed To Mitigate Its Damages Are Inapplicable to Section 410 Claims .................................................7

    D.    The Purported Defenses Asserting That MassMutual "Should Have Known," Had "Constructive Knowledge," or "Assumed the Risk" Assert Defenses That Are Contrary to Law ........................................................................8

    E.    The Purported Defenses Raising Laches, Estoppel, Waiver, Unjust Enirchment, and Other Equitable Defenses Are Inapplicable to These Statutory Claims....................................................................................................10

    F.    The Purported Defenses Disputing MassMutual's Reliance Are Improper ..........11

    G.    The Purported Defenses Challenging Loss Causation Are Improper....................12

CONCLUSION..............................................................................................................................13

# **TABLE OF AUTHORITIES**

**Page**

**Cases**

*In re Access Cardiosystems, Inc.*,
    404 B.R. 593 (Bankr. D. Mass. 2009) ..................................................................................12

*Allapattah Servs., Inc. v. Exxon Corp.*,
    372 F. Supp. 2d 1344 (S.D. Fla. 2005) ...................................................................................4

*DGM Invs., Inc. v. New York Futures Exch., Inc.*,
    No. 01 Civ. 11602, 2004 WL 635743 (S.D.N.Y. Mar. 31, 2004) ...............................3, 11, 12

*FDIC v. Gladstone*,
    44 F. Supp. 2d 81 (D. Mass. 1999) ...........................................................................4, 11, 12

*FDIC v. Pelletreau & Pelletreau*,
    965 F. Supp. 381 (E.D.N.Y. 1997) ..........................................................................................4

*In re Gabapentin Patent Litig.*,
    648 F. Supp. 2d 641 (D.N.J. 2009) .............................................................................3, 4, 13

*Go2net, Inc. v. Freeyellow.com, Inc.*,
    143 P.3d 590 (Wash. 2006)....................................................................................................10

*Jones v. Miles*,
    656 F.2d 103 (5th Cir. 1981) .................................................................................................10

*LeClair v. Norwell*,
    719 N.E.2d 464 (Mass. 1999) ..........................................................................................8, 11

*Marram v. Kobrick Offshore Fund, Ltd.*,
    809 N.E.2d 1017 (Mass. 2004) ...........................................................................5, 6, 9, 10, 12, 13

*Operating Eng'rs Local 139 Health Benefit Fund v. Lake States Indus. Servs., Inc.*,
    No. 05-C-0020, 2005 WL 1563332 (E.D. Wis. June 30, 2005) ............................................11

*Owens v. UNUM Life Ins. Co.*,
    285 F. Supp. 2d 778 (E.D. Tex. 2003)....................................................................................3

*Society of Lloyd's v. Hamilton*,
    501 F. Supp. 2d 248 (D. Mass. 2007) ....................................................................................4

*Waste Mgmt. Holdings, Inc. v. Gilmore*,
    252 F.3d 316 (4th Cir. 2001) ..................................................................................................4

*Zurich Am. Ins. Co. v. Watts Regulator Co.*,
    796 F. Supp. 2d 240 (D. Mass. 2011) ....................................................................................4

## Statutes and Rules

15 U.S.C. § 77k(f)(2)(A) ..................................................................................................7

15 U.S.C. § 78u-4(f)(10)(C)(i) .........................................................................................7

15 U.S.C. § 78u-4(f)(2)(B)(i) ...........................................................................................7

15 U.S.C. § 78u-4(f)(3)(A)(ii) ..........................................................................................7

Federal Rule of Civil Procedure 12(f) .........................................................................3, 4

Mass. Gen. Laws ch. 110A, § 410(a) ...........................................................1, 4, 5, 6, 7, 8, 11, 12

Mass. Gen. Laws ch. 110A, § 410(b) ...........................................................1, 4, 5, 6, 7

Mass. Gen. Laws ch. 110A, § 410(c) ...............................................................................8

Mass. Gen. Laws ch. 110A, § 410(g) .............................................................................10

## Miscellaneous

5C Charles Alan Wright & Arthur R. Miller,
   *Federal Practice and Procedure* § 1381 (3d ed. 2012) ............................................4

Roger J. Magnuson,
   1 *Shareholder Litigation* § 5:9: Section 12(2) – Defenses (2011) ............................9

Plaintiff Massachusetts Mutual Life Insurance Company ("MassMutual" or "Plaintiff") respectfully submits this memorandum of law in support of its motion to strike certain purported defenses asserted by Defendants Goldman, Sachs & Co. ("Goldman"); J.P. Morgan Securities LLC ("J.P. Morgan"); Barclays Capital Inc. ("Barclays"); UBS Securities LLC ("UBS"); and Joseph T. Jurkowski, Samuel L. Molinaro, Jr., and Thomas F. Marano (collectively, the "Officer Defendants," and together with Goldman , J.P. Morgan, Barclays, and UBS, "Defendants") in their respective Amended Answers.

## PRELIMINARY STATEMENT

This motion to strike is narrowly targeted to remove from Defendants' Amended Answers a series of boilerplate and legally inapplicable "defenses." The extraneous defenses threaten to complicate this relatively straightforward case and to expand discovery (and perhaps even trial) into irrelevant areas.

The Amended Answers are Defendants' second attempt to plead viable defenses to MassMutual's two causes of action under Section 410 of the Massachusetts Uniform Securities Act (the "Massachusetts Securities Act"). Defendants voluntarily amended their original answers to eliminate or revise certain defenses after MassMutual notified them that it intended to move to strike obviously inapplicable defenses.

Despite the revisions, the Amended Answers are each still reflexively loaded with almost 30 or more purported defenses, many of which are legally irrelevant to MassMutual's claims. MassMutual asserts only two claims in this action: (i) a claim for primary liability under Section 410(a) of the Massachusetts Securities Act against Goldman Sachs, J.P. Morgan, Barclays, and UBS for material misrepresentations in the sale of mortgage-backed securities to MassMutual; and (ii) a claim for control person liability under Section 410(b) against the Officer Defendants.

It is settled law that once MassMutual shows a material misrepresentation, the defenses available to these Section 410 claims are extremely limited.

To focus this case on its actual issues, and to remove the irrelevant and legally invalid issues Defendants' Amended Answers continue to seek to interject, MassMutual respectfully requests that the following purported defenses, including affirmative defenses, be stricken from the identified parties' Amended Answers:  Sixth Defense (J.P. Morgan and the Officer Defendants); Sixth Defense (Barclays, to the extent it asserts MassMutual "assumed the risks" or had "constructive knowledge"); Eighth Defense (J.P. Morgan and the Officer Defendants, to the extent it asserts MassMutual "should have known" of the misstatements or omissions); Tenth Defense (Goldman and Barclays); Eleventh Defense (Barclays and UBS); Eleventh Defense (Goldman, to the extent it purports to assert a loss causation defense); Twelfth Defense (Goldman and Marano); Twelfth Defense (J.P. Morgan and the Officer Defendants other than Marano, to the extent it asserts MassMutual did not "reasonably or justifiably rely" on the misrepresentations); Twelfth Defense (UBS, to the extent it asserts MassMutual "should have known" of the misrepresentations);  Fourteenth Defense (J.P. Morgan and the Officer Defendants, to the extent it asserts MassMutual "assumed the risks" or had "constructive knowledge"); Fourteenth Defense (Goldman, to the extent it purports to assert a loss causation defense); Fifteenth Defense (Goldman and UBS); Sixteenth Defense (Goldman, to the extent it purports to assert a loss causation defense); Seventeenth Defense (Barclays, Goldman, J.P. Morgan, and the Officer Defendants); Seventeenth Defense (UBS, to the extent it purports to assert a loss causation defense); Eighteenth Defense (Barclays); Eighteenth Defense (Goldman, to the extent it asserts MassMutual did not "reasonably or justifiably rely" on the misstatements or omissions); Nineteenth Defense (J.P. Morgan and the Officer Defendants); Nineteenth Defense (UBS, to the

it asserts MassMutual "assumed the risks" or had "constructive knowledge"); Nineteenth Defense (Barclays, to the extent it asserts MassMutual did not "reasonably or justifiably rely" on the misrepresentations); Twentieth Defense (J.P. Morgan, Barclays, and the Officer Defendants); Twentieth Defense (Goldman, to the extent it asserts MassMutual "assumed the risks" or had "constructive knowledge"); Twentieth Defense (UBS, to the extent it asserts MassMutual did not "reasonably or justifiably rely" on the misrepresentations); Twenty-First Defense (Goldman); Twenty-Third Defense (J.P. Morgan and the Officer Defendants other than Marano); Twenty-Third Defense (Barclays, to the extent it asserts MassMutual "should have known" of the misrepresentations); Twenty-Fourth Defense (Marano); and Twenty-Sixth Defense (UBS).

## **LEGAL STANDARD**

Pursuant to Federal Rule of Civil Procedure 12(f), a court "may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Where, as here, a defendant's answer asserts purported defenses that cannot succeed, a motion to strike "serve[s] a useful purpose by eliminating insufficient defenses and saving the time and expense which would otherwise be spent in litigating issues that would not affect the outcome of the case." *DGM Invs., Inc. v. New York Futures Exch., Inc.*, No. 01 Civ. 11602, 2004 WL 635743, at *1 (S.D.N.Y. Mar. 31, 2004) (internal quotations omitted); *see also In re Gabapentin Patent Litig.*, 648 F. Supp. 2d 641, 648 (D.N.J. 2009) (motions to strike "may serve to hasten resolution of cases by eliminating the need for discovery which in turn saves time and litigation expenses") (internal quotations omitted); *Owens v. UNUM Life Ins. Co.*, 285 F. Supp. 2d 778, 780 (E.D. Tex. 2003) ("If the determination of invalidity [of an affirmative defense] can be made at an early stage it will enable the parties to proceed with the litigation in the proper posture.").

Courts "possess considerable discretion" in granting motions to strike. *Zurich Am. Ins. Co. v. Watts Regulator Co.*, 796 F. Supp. 2d 240, 246 (D. Mass. 2011). Defenses or affirmative defenses are properly stricken when they present no question of law or fact that might allow the defendant to prevail, and would burden the plaintiff or the court by, for example, unnecessarily broadening the scope of discovery or trial. *See In re Gabapentin Patent Litig.*, 648 F. Supp. 2d at 648; *see also FDIC v. Gladstone*, 44 F. Supp. 2d 81, 90 (D. Mass. 1999) (striking defense where "Massachusetts law is clear" that it was not available in given circumstances); *Society of Lloyd's v. Hamilton*, 501 F. Supp. 2d 248, 252 (D. Mass. 2007) (striking extraneous affirmative defenses where the controlling statute "specifically limits the defenses that may be raised"); *FDIC v. Pelletreau & Pelletreau*, 965 F. Supp. 381, 389 (E.D.N.Y. 1997) ("Increased time and expense of trial may constitute sufficient prejudice to warrant granting a plaintiff's motion to strike."). Further, any defense that "might confuse the issues in the case and would not, under the facts alleged, constitute a valid defense to the action" is "particularly vulnerable to a Rule 12(f) motion." 5C Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1381 (3d ed. 2012). Such defenses "can and should be deleted." *Waste Mgmt. Holdings, Inc. v. Gilmore*, 252 F.3d 316, 347 (4th Cir. 2001) (affirming order granting motion to strike affirmative defense that was invalid as a matter of law); *Allapattah Servs., Inc. v. Exxon Corp.*, 372 F. Supp. 2d 1344, 1371 (S.D. Fla. 2005) (same).

## ARGUMENT

MassMutual has asserted two claims against Defendants: (i) a claim for primary liability under Section 410(a) of the Massachusetts Securities Act, *see* Compl. ¶¶ 219-227; and (ii) a claim for control person liability under Section 410(b). *See id.* ¶¶ 228-242. Each claim has a limited number of straightforward elements.

To recover under Section 410(a), MassMutual need only prove that a defendant offered or sold a security in Massachusetts using an untrue statement or omission of a material fact, MassMutual purchased the security from the defendant, and MassMutual did not know of the untruth or omission.  *See* Mass. Gen. Laws ch. 110A, § 410(a)(2); *Marram v. Kobrick Offshore Fund, Ltd.*, 809 N.E.2d 1017, 1026 (Mass. 2004).  Critically, MassMutual's level of sophistication, its reliance or lack of reliance on the misrepresentation or omission, the defendants' degree of scienter, and loss causation or lack of loss causation are all irrelevant.  *See Marram*, 809 N.E.2d at 1025-27.  To recover under Section 410(b), MassMutual need only prove that a defendant was an officer or director of, or otherwise "directly or indirectly" controlled, a seller liable under subsection (a).  *See* Mass. Gen. Laws ch. 110A, § 410(b).

In light of the above, Defendants may assert only the narrow range of defenses available to MassMutual's Section 410 claims.  They may challenge the elements of the claims or raise two statutory affirmative defenses (along with a narrow range of other defenses, if viable, such as statute of limitations or personal jurisdiction, which were previously argued to the Court).  *See Marram*, 809 N.E.2d at 1027.  For the statutory affirmative defenses, Defendants may seek to prove that MassMutual was actually aware of the misrepresentation or omission or that a defendant did not know, and in the exercise of reasonable care could not have known, of the untruth or omission.  *See id.* at 1027-28.

Despite these limitations, Defendants' Amended Answers include a host of legally invalid defenses that threaten to broaden the scope of discovery and trial.  These improper defenses should be stricken.

### A. The Purported Defenses That Defendants Neither Owed Nor Breached a Duty Are Inapplicable and Contrary to Section 410

For its tenth purported defense, Goldman asserts that "Plaintiff's claims against Defendant are barred, in whole or in part, because Defendant neither owed nor breached any duty to Plaintiff to disclose information allegedly omitted from the Offering Materials for AHMAT 2006-1, and had no duty to verify, opine upon, audit, review or correct such information disclosed in the Offering Materials for AHMAT 2006-1." Goldman Amended Answer at 42. The remaining Defendants assert substantively identical "no duty" defenses. J.P. Morgan, *et al.* Amended Answer at 35 (Sixth Defense); Marano Amended Answer at 36 (Sixth Defense); UBS Amended Answer at 34 (Eleventh Defense); Barclays Amended Answer at 41 (Seventeenth Defense). These defenses should be stricken because the argument that there was "no duty" to make accurate disclosures is foreclosed by Section 410.

Defendants' purely statutory liability is not premised on any common law duty of care or disclosure. Rather, MassMutual has asserted two claims under the Massachusetts Securities Act, which establishes liability for any person who offers or sells a security by means of a false or misleading statement. Mass. Gen. Laws ch. 110A, § 410(a)(2); *Marram*, 809 N.E.2d at 1026. Once MassMutual has shown that there were materially false and misleading statements in the offering materials, it need not prove that Defendants owed it a "duty," and "no duty" is not a valid defense.

Similarly, the argument that Defendants had "no duty to verify . . . information" is not a valid defense. Sections 410(a) and (b) make Defendants liable for false and misleading statements in the offering materials unless they "sustain the burden of proof" that they did not know, and *in exercise of reasonable care could not have known*, of the false or misleading statement. These sections therefore impose a statutory "duty" that Defendants exercise

6

reasonable care in reviewing information in the offering materials to avoid liability. The inapplicable "no duty" defenses should be stricken.

        **B.**    **The Purported Defenses That Seek To Reduce MassMutual's Recovery Based on Fault Allegedly Attributable to Others Are Contrary to Section 410**

For its fifteenth purported defense, Goldman asserts that "Defendant is informed and believes, and on that basis asserts, that Plaintiff's claims against Defendant are barred in whole or in part because of the contribution of, or the comparative fault of, other entities or persons." Goldman Amended Answer at 43. J.P. Morgan and the Officer Defendants also assert substantively similar comparative fault defenses. J.P. Morgan, *et al.* Amended Answer at 37-38 (Seventeenth Defense); Marano Amended Answer at 38 (Seventeenth Defense). These defenses appear to be imported from the federal securities laws, which in some instances limit a plaintiff's damages by assessing the defendant's proportionate fault. *See* 15 U.S.C. §§ 77k(f)(2)(A), 78u-4(f)(2)(B)(i), 78u-4(f)(3)(A)(ii), 78u-4(f)(10)(C)(i).

The concept of comparative fault is nowhere to be found in the Massachusetts Securities Act. To the contrary, Section 410(a) provides that any seller is liable for the full extent of rescission or damages, and Section 410(b) provides that control persons are jointly and severally liable. These defenses, which are contrary to the express terms of the statute, should be stricken.

        **C.**    **The Purported Defenses That MassMutual Failed To Mitigate Its Damages Are Inapplicable to Section 410 Claims**

For its seventeenth purported defense, Goldman asserts that "Plaintiff, at all relevant times, had a duty to take reasonable action to minimize any damages allegedly sustained as a result of the facts alleged in the Complaint. . . . Plaintiff failed to comply with that duty and is therefore barred from recovering any damages that might reasonably have been avoided." Goldman Amended Answer at 44. The remaining Defendants assert substantively identical failure to mitigate defenses. J.P. Morgan, *et al.* Amended Answer at 38 (Twentieth Defense);

7

Marano Amended Answer at 39 (Twentieth Defense); Barclays Amended Answer at 42 (Twentieth Defense); UBS Amended Answer at 35 (Fifteenth Defense).  Because Section 410 of the Massachusetts Securities Act sets forth specific formulas for calculating recovery under the statute, a failure to mitigate defense is not available in this case.

Section 410 expressly provides that a securities purchaser is entitled to recover either (i) the consideration paid for the security, plus interest, costs, and reasonable attorneys' fees, less the income received, if the purchaser still owns the security and tenders it (the rescissionary remedy); or (ii) the rescissionary remedy, less the value received upon sale, plus interest from the date of sale, if the purchaser has sold the security.  Mass. Gen. L. ch. 110A, § 410(a)(2).  There is no requirement that a securities purchaser "mitigate" these statutory damages.  To the contrary, the statute explicitly allows a purchaser to make the decision to tender "at any time before entry of judgment."  Mass. Gen. L. ch. 110A, § 410(c).  Defendants cannot rewrite an unambiguous statute using a mitigation defense.  *See, e.g.*, *LeClair v. Norwell*, 719 N.E.2d 464, 470 (Mass. 1999) ("When statutory language is clear and unambiguous it must be construed as written.").  The defense should be stricken.

> **D.    The Purported Defenses Asserting That MassMutual "Should Have Known," Had "Constructive Knowledge," or "Assumed the Risk" Assert Defenses That Are Contrary to Law**

Defendant assert multiple defenses that MassMutual "should have known" of the alleged misstatements or omissions, had "constructive knowledge" of the risks of the securities, or "assumed the risks."  *See* Goldman Amended Answer at 44 (Twentieth Defense); J.P. Morgan, *et al.* Amended Answer at 35, 37 (Eighth and Fourteenth Defenses); Marano Amended Answer at 37-38 (Eighth and Fourteenth Defenses); Barclays Amended Answer at 38, 43 (Sixth and

Twenty-Third Defenses); UBS Amended Answer at 34-36 (Twelfth and Nineteenth Defenses). These defenses are not viable defenses to MassMutual's statutory claims and should be stricken.[1]

Section 410 of the Massachusetts Securities Act makes clear that the only instance in which a plaintiff's knowledge will bar a claim is if a defendant proves that the plaintiff had actual knowledge of the misrepresentation or omission at the time of purchase. *See Marram*, 809 N.E.2d at 1027-28 (Section 410 "preclude[s] recovery whenever a plaintiff [buyer] *actually knows* that a representation is false or knows that existing information has been withheld") (emphasis added and internal quotations omitted). "Should have known" is not a defense; the plaintiff does not have "any duty to investigate" the truth of any representations made by the defendant. *Id.* at 1025.

Defendants have asserted MassMutual's actual knowledge as a defense in their Amended Answers. *See, e.g.*, Goldman Amended Answer at 44 (Nineteenth Defense); J.P. Morgan, *et al.* Amended Answer at 37 (portion of Eighth Defense); Marano Amended Answer at 37 (same); Barclays Amended Answer at 43 (portion of Twenty-Third Defense); UBS Amended Answer at 34 (portion of Twelfth Defense). The inclusion of the further purported defense that MassMutual "should have known" or had "constructive knowledge" is contrary to law and improper. Moreover, the inclusion of a defense that MassMutual "assumed the risks" is also improper. Section 410 "was intended to reverse the age-old concept of caveat emptor and replace it with the concept of . . . seller beware." *Marram*, 809 N.E.2d at 1026 (internal quotations omitted). There is no basis to argue that MassMutual "assumed the risks." *See id.* at 1025; *see also* Roger J. Magnuson, 1 *Shareholder Litigation* § 5:9: Section 12(2) – Defenses

---

[1] MassMutual moves to strike those portions of the defenses identified about that assert MassMutual "should have known" of the misstatements or omissions, had "constructive knowledge" of the risks, or "assumed the risks," none of which is a valid defense.

(2011) ("If plaintiff knew of the falsity, of course, he cannot recover.  No other defenses based on plaintiff's conduct are permitted.  There is no defense of . . . assumption of risk.").  The portions of these defenses that refer to constructive knowledge or assumption of risk should be stricken.

### E. The Purported Defenses Raising Laches, Estoppel, Waiver, Unjust Enirchment, and Other Equitable Defenses Are Inapplicable to These Statutory Claims

For its twenty-first purported defense, Goldman asserts that "Plaintiff's claims against Defendant are barred in whole or in part by laches, equitable estoppel, waiver, or other related equitable doctrines."  Goldman Amended Answer at 45.  The remaining Defendants similarly assert a variety of equitable defenses, including waiver, laches, equitable estoppel, release, and unjust enrichment.  J.P. Morgan, *et al.* Amended Answer at 38-39 (Twenty-Third Defense); Marano Amended Answer at 40 (Twenty-Fourth Defense); Barclays Amended Answer at 41 (Eighteenth Defense); UBS Amended Answer at 37 (Twenty-Sixth Defense).  These boilerplate equitable defenses should not be permitted to expand discovery and trial because they are not viable defenses to MassMutual's statutory claim.

The waiver, laches, equitable estoppel, release, and similar defenses are contrary to Section 410, which expressly provides that its remedies cannot be waived.  *See* Mass. Gen. Laws ch. 110A, § 410(g) ("Any condition, stipulation, or provision binding any person acquiring any security to waive compliance with any provision of this chapter or any rule or order hereunder is void.").  For that reason, courts have rejected attempts by defendants to assert waiver and equitable defenses, such as equitable estoppel, to blue sky claims.  *See Marram*, 809 N.E.2d at 1029 ("[W]aiver by estoppel is [a] waiver defense 'not available in a case involving only violations of Georgia and/or federal securities laws.'") (quoting *Jones v. Miles*, 656 F.2d 103, 106-07 (5th Cir. 1981)); *Go2net, Inc. v. Freeyellow.com, Inc.*, 143 P.3d 590, 593 (Wash. 2006)

10

(holding that the equitable defenses of waiver and estoppel were not available under Washington's securities act).

Similarly, the unjust enrichment defense is contrary to the express recovery calculations set forth in Section 410. As described above, Section 410 expressly provides that a securities purchaser is entitled to recover either (i) the rescissionary remedy (the consideration paid for the security, plus interest, costs, and reasonable attorneys' fees, less the income received); or (ii) the rescissionary remedy, less the value received upon sale, plus interest from the date of sale. *See supra* Section C; Mass. Gen. L. ch. 110A, § 410(a)(2). Defendants cannot argue that the express relief provided by the statute constitutes "unjust enrichment" (and, indeed, by excluding all income received on the security from any recovery, the statute forecloses unjust enrichment). Defendants also cannot use an equitable defense of "unjust enrichment" to modify or undermine the express relief provided by the statute. *See, e.g.*, *LeClair*, 719 N.E.2d at 470.

Defendants' bare-bones equitable defenses should be rejected here, because the defenses are invalid, will confuse the issues, and will unnecessarily expand discovery. *See, e.g.*, *Gladstone*, 44 F. Supp. 2d at 90; *DGM*, 2004 WL 635743, at *1; *Operating Eng'rs Local 139 Health Benefit Fund v. Lake States Indus. Servs., Inc.*, No. 05-C-0020, 2005 WL 1563332, at *4 (E.D. Wis. June 30, 2005) ("bare bones" affirmative defenses that are "merely listed without providing a short statement explaining the basis of the defense [are] properly stricken").

### F. The Purported Defenses Disputing MassMutual's Reliance Are Improper

For his twelfth purported defense, Defendant Marano asserts that "Plaintiff did not and could not have reasonably and/or justifiably relied on the alleged misstatements or omissions in the Offering Documents for the subject securities." Marano Amended Answer at 37. The remaining Defendants assert MassMutual's lack of reasonable or justifiable reliance as part of one of their defenses. Goldman Amended Answer at 44 (Eighteenth Defense); J.P. Morgan

11

Amended Answer at 36 (Twelfth Defense); Barclays Amended Answer at 42 (Nineteenth Defense); UBS Amended Answer at 36 (Twentieth Defense).

These defenses based on a purported lack of reasonable or justifiable reliance on the part of MassMutual should be stricken because lack of actual or justifiable reliance is not a defense to claims under Section 410.[2]  *See Marram*, 809 N.E.2d at 1026 ("[B]ecause G.L. c. 110A, § 410(a)(2) holds the seller liable for inaccurate disclosure or nondisclosure of material information, '[f]oremost among the elements that the buyer does not have to prove is reliance.'") (citation omitted); *accord In re Access Cardiosystems, Inc.*, 404 B.R. 593, 648 n.81 (Bankr. D. Mass. 2009) ("A plaintiff need not prove reliance on the material misrepresentation or omission to recover for securities fraud under § 410(a)(2)").  The parties should not waste time and resources litigating this legally invalid defense.  *See, e.g.*, *Gladstone*, 44 F. Supp. 2d at 90; *DGM*, 2004 WL 635743, at *1.

### G. The Purported Defenses Challenging Loss Causation Are Improper

Defendants assert a variety of loss causation defenses.  Defendants Barclays and Goldman assert that any diminution or depreciation in the value of MassMutual's securities resulted from factors other than the alleged misrepresentations and omissions in the offering materials.  Barclays Amended Answer at 40 (Tenth Defense); Goldman Amended Answer at 43 (Twelfth Defense).  The Officer Defendants, Barclays, and J.P. Morgan assert that MassMutual's damages were caused by "actions or inactions of parties other than [Defendants]," "economic events," or "intervening or superseding events."  Barclays Amended Answer at 40 (Eleventh Defense); J.P. Morgan, *et al.* Amended Answer at 38 (Nineteenth Defense); Marano Amended Answer at 39 (Nineteenth Defense).  And Defendants Goldman and UBS assert one or more

---

[2] MassMutual moves to strike those portions of the defenses identified above that assert lack of reasonable or justifiable reliance, which is not a valid defense.

12

"causation" defenses that MassMutual reads as loss causation defenses. Goldman Amended Answer at 42-43 (Eleventh, Fourteenth, and Sixteenth Defenses); UBS Amended Answer at 35 (Seventeenth Defense).

The Massachusetts Supreme Judicial Court has made clear that loss causation is not an element of or a defense to claims under Section 410 of the Massachusetts Securities Act. *See, e.g.*, *Marram*, 809 N.E.2d at 1025 (Section 410 applies "regardless of the actual cause of the investor's loss."). If MassMutual proves that a security was sold by means of a materially false or misleading statement, it is entitled to recovery, regardless whether its loss was caused by the false or misleading statement, by Defendants' acts, or by some "intervening or superseding events, factors, occurrences, conditions or acts of others." Each of these defenses, which purport to assert the impermissible defense of loss causation and threaten to expand the scope of discovery and trial, should be stricken. *See, e.g.*, *In re Gabapentin Patent Litig.*, 648 F. Supp. 2d at 648.

## **CONCLUSION**

For the reasons set forth above, MassMutual respectfully requests that the Court grant its motion to strike the following purported defenses from the identified parties' Amended Answers: Sixth Defense (J.P. Morgan and the Officer Defendants); Sixth Defense (Barclays, to the extent it asserts MassMutual "assumed the risks" or had "constructive knowledge"); Eighth Defense (J.P. Morgan and the Officer Defendants, to the extent it asserts MassMutual "should have known" of the misstatements or omissions); Tenth Defense (Goldman and Barclays); Eleventh Defense (Barclays and UBS); Eleventh Defense (Goldman, to the extent it purports to assert a loss causation defense); Twelfth Defense (Goldman and Marano); Twelfth Defense (J.P. Morgan and the Officer Defendants other than Marano, to the extent it asserts MassMutual did not "reasonably or justifiably rely" on the misrepresentations); Twelfth Defense (UBS, to the extent

13

it asserts MassMutual "should have known" of the misrepresentations);  Fourteenth Defense (J.P. Morgan and the Officer Defendants, to the extent it asserts MassMutual "assumed the risks" or had "constructive knowledge"); Fourteenth Defense (Goldman, to the extent it purports to assert a loss causation defense); Fifteenth Defense (Goldman and UBS); Sixteenth Defense (Goldman, to the extent it purports to assert a loss causation defense); Seventeenth Defense (Barclays, Goldman, J.P. Morgan, and the Officer Defendants); Seventeenth Defense (UBS, to the extent it purports to assert a loss causation defense); Eighteenth Defense (Barclays); Eighteenth Defense (Goldman, to the extent it asserts MassMutual did not "reasonably or justifiably rely" on the misstatements or omissions); Nineteenth Defense (J.P. Morgan and the Officer Defendants); Nineteenth Defense (UBS, to the it asserts MassMutual "assumed the risks" or had "constructive knowledge"); Nineteenth Defense (Barclays, to the extent it asserts MassMutual did not "reasonably or justifiably rely" on the misrepresentations); Twentieth Defense (J.P. Morgan, Barclays, and the Officer Defendants); Twentieth Defense (Goldman, to the extent it asserts MassMutual "assumed the risks" or had "constructive knowledge"); Twentieth Defense (UBS, to the extent it asserts MassMutual did not "reasonably or justifiably rely" on the misrepresentations); Twenty-First Defense (Goldman); Twenty-Third Defense (J.P. Morgan and the Officer Defendants other than Marano); Twenty-Third Defense (Barclays, to the extent it asserts MassMutual "should have known" of the misrepresentations); Twenty-Fourth Defense (Marano); and Twenty-Sixth Defense (UBS).

DATED:  May 9, 2012                    EGAN, FLANAGAN AND COHEN, P.C.
                                        By:     /s/ Edward J. McDonough Jr.
                                            Edward J. McDonough Jr. (BBO 331590)
                                            Stephen E. Spelman (BBO 632089)
                                            Egan, Flanagan and Cohen, P.C.
                                            67 Market Street, P.O. Box 9035

        Springfield, Massachusetts 01102
        Telephone: (413) 737-0260
        Fax: (413) 737-0121
        ejm@efclaw.com;
        ses@efclaw.com

        MASSACHUSETTS MUTUAL LIFE
        INSURANCE COMPANY

        Mark Roellig (BBO 669117)
        Executive Vice President and General Counsel
        Bernadette Harrigan (BBO 635103)
        Assistant Vice President & Counsel
        Eleanor P. Williams (BBO 667201)
        Assistant Vice President & Counsel
        Massachusetts Mutual Life Insurance Company
        1295 State Street
        Springfield, Massachusetts 01111
        Telephone: (413) 788-8411
        Fax: (413) 226-4268
        bharrigan@massmutual.com;
        ewilliams@massmutual.com

Of counsel:

QUINN EMANUEL URQUHART & SULLIVAN, LLP

Philippe Z. Selendy (admitted *pro hac*)
Jennifer J. Barrett (admitted *pro hac*)
51 Madison Avenue, 22nd Floor
New York, NY 10010
(212) 849-7000
Fax (212) 849-7100

A. William Urquhart (admitted *pro hac*)
Harry A. Olivar, Jr. (admitted *pro hac*)
Molly Stephens (admitted *pro hac*)
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017
(213) 443-3000
Fax (213) 443-3100

## CERTIFICATE OF SERVICE

      I hereby certify that this document, filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on this 9th day of May, 2012.

*/s/ Edward J. McDonough Jr.*
_____
Edward J. McDonough Jr.