UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MASSACHUSETTS MUTUAL INSURANCE CO.,<br>    Plaintiff(s)<br><br>v.<br><br>GOLDMAN SACHS MORTGAGE CO. et al.,<br>    Defendant(s) | Civil Action No. 11-30126-MAP |

NOTICE OF SCHEDULING CONFERENCE

An initial scheduling conference will be held on **November 13, 2012,** at **2:00 p.m.** before Kenneth P. Neiman, U.S. Magistrate Judge at the U.S. District Court, Hampshire Courtroom, 300 State Street, Springfield, Massachusetts, in accordance with Fed. R. Civ. P. 16(b), Fed. R. Civ. P. 26(f), and Local Rule 16.1.  The Court considers attendance of the senior lawyers ultimately responsible for the case and compliance with said rules to be of the utmost importance.  Counsel may be given a continuance only if actually engaged on trial.  Failure to comply with this notice and with said rules may result in sanctions under Local Rule 1.3. **Counsel for the plaintiff is responsible for ensuring that all parties and/or their attorneys who have not filed an answer or appearance with the court are notified of the scheduling conference date**.

                         KENNETH P. NEIMAN,
                         U.S. Magistrate Judge

<u>October 17, 2012</u>               By:  <u>/s/ Bethaney A. Healy</u>
Date                        Bethaney A. Healy,
                         Deputy Clerk
                         (413) 785-6803

---

In applicable part, Fed. R. Civ. P. 16(b), Fed. R. Civ. P. 26(f) and Local Rule 16.1 provide:

1. <u>Obligation of counsel to confer</u>: Unless otherwise ordered by the Judge, counsel for the parties shall confer no later that twenty-one (21) days prior to the date for the scheduling conference for the purpose of:

    (a)    preparing an agenda of matters to be discussed at the scheduling conference;
    (b)    preparing a proposed pretrial schedule for the case that includes a plan for discovery;
    (c)    discussing any issues relating to preserving discoverable information;
    (d)    the disclosure or discovery of electronically stored information, including the form or forms in which it should be provided;
    (e)    discussing any issues relating to claims of privileges or protection of trial-preparation materials and whether to ask the court to include any agreement reached by the parties in an order; and
    (f)    considering whether they will consent to trial by Magistrate Judge;

2.    <u>Settlement Proposals</u>:  Unless otherwise ordered, the plaintiff shall present written settlement proposals to all defendants no later than ten (10) days prior to the date for the scheduling conference.  Defense counsel shall have conferred with their clients on the subject of settlement prior to the scheduling conference and be prepared to respond to the proposals at the scheduling conference.

(3)    <u>Joint Statement</u>:  Unless otherwise ordered, the parties are required to file, **no later than November 8, 2012**  , a joint statement containing a proposed pretrial schedule, which shall include:

    (a)    a joint discovery plan scheduling the time and length for all discovery events, that shall:
(a)  confirm the obligation to limit discovery set forth in Fed. R. Civ. P. 26(b) and
(b)  consider the desirability of conducting phased discovery in which the first phase is limited to developing information needed for a realistic assessment of the case and, if the case does not terminate, the second phase is directed at information needed to prepare for trial;
    (b)    any agreement reached by the parties relating to the assertion of claims of privileges or protection of trial-preparation material;
    (c)    a proposed schedule for the filing of motions, and
    (d)    certifications signed by counsel and by an authorized representative of each party affirming that each party and that party's counsel have conferred:
(a)  with a view of establishing a budget for the costs of conducting the full course, and various alternative courses, of the litigation; and
(b)  to consider the resolution of the litigation through the use of alternative dispute resolution programs such as those outlined in Local Rule 16.4.

        To the extent that all parties are able to reach agreement on a proposed pretrial schedule, they shall so indicate.  To the extent that the parties differ on what the pretrial schedule should be, they shall set forth separately the items on which they differ and indicate the nature of that difference.  The purpose of the parties' proposed pretrial schedule or schedules shall be to advise the judge of the parties' proposed agenda for the scheduling conference, and their proposed pretrial schedule or schedules, shall be considered by the judge as advisory only.