**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| MASSACHUSETTS MUTUAL LIFE INSURANCE COMPANY,<br><br>               Plaintiff,<br><br>               v.<br><br>RESIDENTIAL FUNDING COMPANY, LLC (F/K/A RESIDENTIAL FUNDING CORPORATION), et al.,<br><br>               Defendants. | Civil Action No. 3:11-30035-MAP |
| MASSACHUSETTS MUTUAL LIFE INSURANCE COMPANY,<br><br>               Plaintiff,<br><br>               v.<br><br>DB STRUCTURED PRODUCTS, INC., et al.,<br><br>               Defendants. | Civil Action No. 3:11-30039-MAP |
| MASSACHUSETTS MUTUAL LIFE INSURANCE COMPANY,<br><br>               Plaintiff,<br><br>               v.<br><br>RBS FINANCIAL PRODUCTS INC. (F/K/A GREENWICH CAPITAL FINANCIAL PRODUCTS, INC.), et al.,<br><br>               Defendants. | Civil Action No. 3:11-30044-MAP |

| | |
|---|---|
| MASSACHUSETTS MUTUAL LIFE INSURANCE COMPANY,<br><br>   Plaintiff,<br><br>  v.<br><br>DLJ MORTGAGE CAPITAL, INC., et al.,<br><br><br>   Defendants. | Civil Action No. 3:11-30047-MAP |
| MASSACHUSETTS MUTUAL LIFE INSURANCE COMPANY,<br><br>   Plaintiff,<br><br>  v.<br><br>CREDIT SUISSE FIRST BOSTON MORTGAGE SECURITIES CORP., et al.,<br><br><br>   Defendants. | Civil Action No. 3:11-30048-MAP |
| MASSACHUSETTS MUTUAL LIFE INSURANCE COMPANY,<br><br>   Plaintiff,<br><br>  v.<br><br>JPMORGAN CHASE BANK, N.A., et al.,<br><br><br>   Defendants. | Civil Action No. 3:11-30094-MAP |

| | |
|---|---|
| MASSACHUSETTS MUTUAL LIFE INSURANCE COMPANY,<br><br>        Plaintiff,<br><br>        v.<br><br>GOLDMAN SACHS MORTGAGE COMPANY, et al.,<br><br>        Defendants. | Civil Action No. 3:11-30126-MAP |
| MASSACHUSETTS MUTUAL LIFE INSURANCE COMPANY,<br><br>        Plaintiff,<br><br>        v.<br><br>IMPAC FUNDING CORPORATION, et al.,<br><br>        Defendants. | Civil Action No. 3:11-30127-MAP |
| MASSACHUSETTS MUTUAL LIFE INSURANCE COMPANY,<br><br>        Plaintiff,<br><br>        v.<br><br>HSBC BANK USA, NATIONAL ASSOCIATION, et al.,<br><br>        Defendants. | Civil Action No. 3:11-30141-MAP |

**UNOPPOSED REQUEST BY MASSACHUSETTS MUTUAL LIFE INSURANCE COMPANY FOR LEAVE TO FILE REPLY AND PROPOSED REPLY IN SUPPORT OF ITS MOTION FOR ENTRY OF AN AMENDED PROTECTIVE ORDER**

TO THE COURT, ALL PARTIES, AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE that Plaintiff Massachusetts Mutual Life Insurance Company ("MassMutual") hereby requests leave, pursuant to Local Rule 7.1(b)(3), to file the attached Reply in support of its Motion for Entry of an Amended Protective Order.  Defendants do not oppose MassMutual's request for leave to file a Reply.


DATED:  May 10, 2013          MASSACHUSETTS MUTUAL LIFE INSURANCE COMPANY

By:  */s/ John J. Egan*
John J. Egan (BBO 151680)
Stephen E. Spelman (BBO 632089)
Egan, Flanagan and Cohen, P.C.
67 Market Street, P.O. Box 9035
Springfield, Massachusetts  01102
Telephone:  (413) 737-0260
Fax:  (413) 737-0121
jje@efclw.com; ses@efclaw.com

Of counsel:
QUINN EMANUEL URQUHART & SULLIVAN, LLP

Philippe Z. Selendy (admitted *pro hac vice*)
Jennifer J. Barrett (admitted *pro hac vice*)
51 Madison Avenue, 22nd Floor
New York, NY 10010
(212) 849-7000
Fax (212) 849-7100

Harry A. Olivar, Jr. (admitted *pro hac vice*)
Molly Stephens (admitted *pro hac vice*)
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017
(213) 443-3000
Fax (213) 443-3100

**REPLY MEMORANDUM**

As shown in the moving papers, amendment of the Protective Order entered in the above-captioned actions (the "Actions") is necessary to facilitate the massive amount of discovery required from third parties that have already had prior access to information being marked confidential by Defendants. For this reason, Plaintiff Massachusetts Mutual Life Insurance Company ("MassMutual"), the only party pursuing the necessary discovery from non-affiliated third parties in the Actions, has requested four limited amendments of the Protective Order. With respect to three of the necessary amendments, Defendants either do not object or raise objections that are easily addressed:

- Loan Numbers: Defendants do not dispute that loan numbers are not confidential and do not constitute personally identifiable information. Loan numbers should be removed from the definition of "Non-Party Borrower Information" in the Protective Order.

- Disclosure of Confidential Information to Diligence Firms: Defendants concede that they "do not object to the disclosure of Non-Party Borrower Information to non-party due diligence providers." But they continue to object inexplicably to the disclosure of such information to the corporate successor of a diligence provider, which possesses the relevant documents. There is no basis for Defendants' objection; if an entity possesses the documents, it too has access to the confidential information. Defendants and the Court already have approved the exact same disclosure provision requested by MassMutual with respect to third parties that possess loan files.

- Amended Exhibit A: Defendants do not dispute that Exhibit A to the current Protective Order conflicts with the Protective Order's own terms, but they nonetheless object to MassMutual's amended Exhibit A that fixes this problem. Their only real objection appears to be to the inclusion of the language "as [the obligations of the Protective Order] apply to me." MassMutual will agree to remove this language, which resolves the objection.

With little or nothing to say about the first three necessary amendments described above, Defendants focus on MassMutual's fourth requested amendment, which seeks to include in the existing provision regarding sharing of documents the portion of MassMutual's action transferred to the Central District of California for pretrial purposes only. Obviously, when that

1

portion of the action is returned to this District for trial, it would make sense to include it in the document-sharing provision.  Defendants' objections to sharing documents with that action are inapplicable in light of the fact that they already have agreed to share documents among the 11 actions filed by MassMutual.  There is no basis to exclude the portion of one action, transferred to another District for pretrial purposes only, from the document-sharing provision.

MassMutual's proposed amendments to the Protective Order, as revised and set forth in the attached Exhibits 1 and 2, should be granted.

### A. There Is No Dispute That Loan Numbers Should Not Be Included in the Definition of "Non-Party Borrower Information"

MassMutual's first proposed amendment is easily addressed:  Defendants do not oppose MassMutual's request to delete loan numbers from the definition of "Non-Party Borrower Information" because loan numbers are neither confidential nor personally identifiable.  *See* Motion at 1 n.1; Opp. at 1-10 (not disputing the deletion of loan numbers).

### B. Defendants Have No Basis to Object to Diligence Firms or Their Successors Receiving Confidential Information They Already Possess for the Purpose of Locating Documents

With respect to the second proposed amendment, MassMutual requests amendment of Paragraph 9(a) of the Protective Order to authorize third-party due diligence firms used by Defendants, or those firms' successors that possess the actual diligence documents, to receive Non-Party Borrower Information to which they already have access for the purpose of locating relevant documents.  Motion at 1-4.  Defendants do not, and cannot, dispute that disclosure of the information is necessary to enable certain third parties to locate documents relevant to the claims and defenses in the Actions.  *See* Opp. at 6-7.

Defendants concede in their Opposition that they "do not object to the disclosure of Non-Party Borrower information to non-party due diligence providers." *Id.* at 6.  But they argue that

"MassMutual's proposed language would allow Non-Party Borrower Information to be shared with a non-party due diligence provider (or its successor) that did not conduct diligence on the securitizations or mortgage loans at issue." *Id.* at 6-7. Defendants do not explain how MassMutual's proposed language, which is the exact same language Defendants and the Court approved with respect to third-party originators in Paragraph 9(a)(xiii),[1] would result in the disclosure of confidential information to third parties without prior access to it, which is the appropriate test. In particular:

- MassMutual proposes disclosure of Non-Party Borrower Information to third parties "reasonably believed to have conducted due diligence on the securitizations or mortgage loans at issue in the MassMutual Action(s) . . . for the purpose of locating the due diligence documents." Defendants know what due diligence firms they retained in connection with the securitizations or mortgage loans at issue. MassMutual is serving subpoenas based on Defendants' own identification of those firms in responses to interrogatories. MassMutual's language authorizes disclosure only when the specific diligence firm requests the Non-Party Borrower Information because it has documents, but cannot locate them without the information. There is nothing in the requested language that would allow disclosure to a diligence firm that did not conduct diligence, does not have relevant documents, and does not require confidential information it already possesses to locate those documents.

---

[1] Defendants criticize MassMutual's "repeated citations to the protective order from the *Federal Housing Finance Agency* ("*FHFA*") actions" as irrelevant. Opp. at 7 n.6. As an initial matter, MassMutual's proposed provision for diligence files is based on the exact same language as in the Protective Order entered in these Actions for loan files. *Compare* Ex. 1 ¶ 9(a)(xiii) (loan files) *with* Ex. 1 ¶ 9(a)(xiv) (diligence files). MassMutual instead cites the *FHFA* protective order to demonstrate that its simplified Exhibit A is sufficient to protect Defendants' confidential information. *See* Motion at 5. Defendants do not, and cannot, dispute that *all* corporate Defendants and 24 of the 29 individual Defendants are involved in the *FHFA* actions and approved the requested version of Exhibit A as sufficient to protect their confidential information.

- MassMutual also proposes disclosure of Non-Party Borrower Information to third parties "reasonably believed . . . to be in possession, custody, or control of documents related to . . . due diligence [on the securitizations or mortgage loans at issue in the MassMutual Action(s)] . . . for the purpose of locating the due diligence documents." Defendants simply ignore that certain of the due diligence firms they retained, most notably Watterson Prime, LLC, have been acquired by other entities that now possess the actual diligence documents. There is no reason to prohibit disclosure of Non-Party Borrower Information to these successors that currently possess the information so that they can locate relevant documents. Defendants' proposed language, which would require the third party to have actually conducted the diligence, does nothing to address the issue of successors, and would prevent MassMutual from obtaining important discovery that is concededly relevant to the claims and to Defendants' due diligence affirmative defense.

### C. Defendants Have No Legitimate Objection to a Simplified Exhibit A That Requires a Signatory to Comply with the Terms of the Protective Order

With respect to the third requested amendment, MassMutual requests amendment of Exhibit A to the Protective Order to simplify the undertaking for third parties and to correct certain inconsistencies between the undertaking and the terms of the Protective Order. Motion at 4-5. Although Defendants do not, and cannot, dispute that the existing Exhibit A conflicts with the terms of the Protective Order (for the reasons set forth in the Motion), they nevertheless object to MassMutual's simplified Exhibit A because they argue it "creates potential loopholes" in its use of language requiring signatories to "abide by the obligations of the protective order *as they apply to me*." Opp. at 7-9 (emphasis in original). Although MassMutual does not agree that the language is problematic in any respect, it will agree to delete this language from its revised Exhibit A and replace the language with the statement "I agree to abide by all terms of the

protective order, whether or not they explicitly reference non-parties." This revision is reflected in the attached Exhibits 1 and 2. Because Defendants have articulated no other objection to MassMutual's proposed amendment to Exhibit A, the Court should enter that amendment, as modified.

        **D.**    **MassMutual Seeks to Include the Portion of Its Action Transferred to Another District for Pretrial Purposes Among the 11 Actions in Which Documents Can Be Shared**

Finally, MassMutual requests that the Court amend Paragraph 9 of the Protective Order to allow documents produced in its 11 actions pending in the District of Massachusetts to be shared with the portion of its action, *MassMutual v. Countrywide Financial Corporation, et al.*, Case No. 3:11-cv-30215, transferred to the multi-district litigation ("MDL") in the Central District of California for pretrial purposes only (the "Countrywide Action"). Motion at 5-6. Defendants argue that it is improper to authorize sharing of documents produced in one action with other actions. *See* Opp. at 3-5. But Defendants' arguments are inapplicable because the parties here have already done just that: Defendants already have requested and approved, and the Court already has ordered, sharing of documents produced in any one of the 11 actions filed by MassMutual in the District of Massachusetts with all the other actions, whether or not defendants overlap, any securitizations overlap, or any differences exist in the protective orders entered in the actions.[2] *See id.*; Protective Order ¶ 9. MassMutual simply seeks to add the

---

[2] Defendants incorrectly maintain that the sharing provision is limited to the nine Actions pending for discovery purposes before Your Honor. Opp. at 3. To the contrary, the sharing provision explicitly includes not only those nine Actions, but also two additional actions pending before Judge Ponsor (the 3:11-cv-30285 and 3:11-cv-30215 actions). Protective Order ¶ 9. As Defendants recognize, the two actions pending before Judge Ponsor either had a different protective order or no protective order when the sharing provision was entered. *See* Opp. at 1 nn.2-3. MassMutual will seek to amend those protective orders consistent with the Protective Order in the nine Actions before Your Honor to streamline party and third-party discovery.

Countrywide Action that was transferred to the MDL for pretrial purposes (and will return to the District of Massachusetts for trial) to the shared-discovery list that Defendants and the Court already have approved.

Defendants also argue that a sharing provision would not streamline, but would in fact complicate, discovery because there is no overlap between the Countrywide Action and MassMutual's other 11 actions and because MassMutual purportedly could share Defendants' documents with other MDL plaintiffs.  Opp. at 4-5.  Defendants are wrong on both counts.  First, although not relevant because Defendants did not require overlap to authorize sharing in MassMutual's other 11 actions, the Countrywide Action does overlap materially with the other 11 actions, including because it (i) involves the same complaint as the other portion of the action that remains before Judge Ponsor (the 3:11-cv-30215 action); (ii) names three underwriter Defendants that are also underwriter Defendants in seven of the 11 actions; and (iii) involves Countrywide Home Loans, Inc. ("Countrywide"), an originator in at least four of the 11 actions. Multiple categories of documents, including policies and procedures of MassMutual and the overlapping Defendants, documents related to the due diligence practices of the overlapping Defendants, and documents related to the origination practices of Countrywide, are potentially relevant in all of these actions.

Second, because documents produced by Defendants in the 11 actions would still be governed by the Protective Order entered in the Actions, MassMutual would *not* be able to share documents with other MDL plaintiffs.  Instead, the provision merely authorizes MassMutual, already an authorized recipient of Defendants' information, and Defendants, already authorized recipients of MassMutual's information, to access and use documents produced in the 11 actions in connection with the overlapping Countrywide Action, consistent with the other terms of the

6

Protective Order.  Addition of the Countrywide Action to the list of the 11 MassMutual RMBS actions in which documents can be shared is a sensible, proper method for streamlining discovery that recognizes the realities of the overlapping parties, and Defendants make no contrary presentation.

## Conclusion

For the foregoing reasons, MassMutual respectfully requests that the Court enter the Amended Protective Order, as set forth in Exhibits 1 and 2.

DATED:  May 10, 2013

MASSACHUSETTS MUTUAL LIFE INSURANCE COMPANY

By:  /s/ John J. Egan
John J. Egan (BBO 151680)
Stephen E. Spelman (BBO 632089)
Egan, Flanagan and Cohen, P.C.
67 Market Street, P.O. Box 9035
Springfield, Massachusetts  01102
Telephone:  (413) 737-0260
Fax:  (413) 737-0121
jje@efclw.com; ses@efclaw.com

Of counsel:
QUINN EMANUEL URQUHART & SULLIVAN, LLP

Philippe Z. Selendy (admitted *pro hac vice*)
Jennifer J. Barrett (admitted *pro hac vice*)
51 Madison Avenue, 22nd Floor
New York, NY 10010
(212) 849-7000
Fax (212) 849-7100

Harry A. Olivar, Jr. (admitted *pro hac vice*)
Molly Stephens (admitted *pro hac vice*)
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017
(213) 443-3000
Fax (213) 443-3100

### CERTIFICATE OF SERVICE

      I hereby certify that this document, filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on this 10th day of May, 2013.

/s/ *John J. Egan*
_____
John J. Egan